# Court of Appeals
# of the State of Georgia

ATLANTA, July 21, 2026

*The Court of Appeals hereby passes the following order:*

## A26A2471. HERMAN L. JOHNSON v. FUN SPOT AMERICA OF ATLANTA, INC.

Herman L. Johnson filed suit against Fun Spot America of Atlanta, Inc. after he was injured in a go-kart accident, and on appeal we determined that Johnson had assumed the risk of injury and Fun Spot was thus entitled to judgment as a matter of law. *Fun Spot Am. of Atlanta, Inc. v. Johnson*, 371 Ga. App. 123 (899 SE2d 766) (2024). In March 2026, Johnson filed a motion to set aside the judgment under OCGA § 9-11-60(d). The trial court denied the motion, and Johnson filed this direct appeal. We, however, lack jurisdiction for at least two reasons.

First, "any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be." OCGA § 9-11-60(h). Because we have already ruled that Fun Spot is entitled to summary judgment, this appeal is barred by the law of the case. See *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011).

Second, the denial of a motion to set aside under OCGA § 9-11-60(d) must be brought by application for discretionary review. See OCGA § 5-6-35(a)(8), (b); *Jim Ellis Atlanta v. Adamson*, 283 Ga. App. 116, 116 (640 SE2d 688) (2006). Compliance with the discretionary appeal procedure is jurisdictional. *Smoak v. Dep't of Human Res.*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996).

For these reasons, we lack jurisdiction over this direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,* 07/21/2026

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*